UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: **8:22-cv-01206-FLA (MAA)** | Date: **July 13, 2022** |
| Title: **Lawrence Gene Kirkley v. Arthur Cisneros et al.** | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Narissa Estrada | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings (In Chambers):**   Order to Show Cause Why Lawsuit Is Not Time-Barred (ECF No. 1)

On June 21, 2022, Plaintiff Lawrence Gene Kirkley ("Plaintiff"), a California state inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against: Detective Waddel, a Buena Park police officer; Kimberly Minninger, a Deputy District Attorney; and Arthur Cisneros (each, a "Defendant" and collectively, "Defendants"). (Compl. 2, ECF No. 1). The allegations in the Complaint are largely incomprehensible, but appear to allege that Defendants Waddel and Minninger failed to protect Plaintiff after he testified on the stand in 1989 against Defendant Cisneros, which violated due process and his right to be free from cruel and unusual punishment. (*Id*. at 2, 4.) In 1989, Defendant Cisneros attempted to kill Plaintiff in a drive-by shooting. (*Id*. at 2.)

The Court is required to conduct a preliminary screening of any civil action brought by a prisoner, or in which a plaintiff proceeds *in forma pauperis*, and dismiss any claims that are frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). A court may *sua sponte* dismiss a complaint as untimely, so long as the defendant has not waived the defense, *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993), and "only when the running of the statute is apparent on the face of the complaint," *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal quotation marks omitted) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).

As Section 1983 does not contain its own statute of limitations, courts look to the limitations period of the forum state's statute of limitations for personal injury torts. *See Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 828 (9th Cir. 2003). California's statute of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:  **8:22-cv-01206-FLA (MAA)**                                          Date:  **July 13, 2022**

Title:      **Lawrence Gene Kirkley v. Arthur Cisneros et al.**

limitations for personal injury actions is two years.  Cal. Code Civ. P. § 335.1.  Thus, the statute of limitations for Plaintiff's Section 1983 claims against Defendants Waddel and Minninger is two years.  *See Maldonado v. Harris*, 370 F.3d 945, 954–55 (9th Cir. 2004).  It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a Section 1983 action.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008).

With respect to Plaintiff's claims against Defendant Cisneros, the statute of limitations in California for both assault and battery is two years, Cal. Civ. Proc. § 335.1, and commences at the time of the occurrence of the assault or battery, *see Pugliese v. Superior Ct.*, 146 Cal. App. 4th 1444, 1451 (2007).

In actions where the federal court borrows the state statute of limitations, the court also borrows all applicable provisions for tolling the limitations period found in state law.  *See Hardin v. Straub*, 490 U.S. 536, 539 (1989).  "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith."  *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (internal quotation marks and citation omitted).

Here, the Complaint asserts claims arising from alleged failures to protect Plaintiff in 1989, which resulted in an attempt on Plaintiff's life in 1989.  Approximately 32 to 33 years passed before Plaintiff filed this action on June 21, 2022.  From the face of the Complaint, it appears that the statute of limitations for Plaintiff's claims have expired, and the Complaint does not indicate any basis for tolling the statute of limitations.

Absent further evidence, the Complaint appears to be barred as untimely.  Plaintiff is **ORDERED TO SHOW CAUSE** in writing by no later than **August 12, 2022** why the Court should not recommend dismissal of this action as barred by the statute of limitations.  After the Court receives Plaintiff's response, the Court may prepare a Report and Recommendation of dismissal for submission to the District Judge.  This Order to Show Cause is not dispositive of Plaintiff's claims.

Instead of filing a response to the Order to Show Cause, Plaintiff may request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a), particularly as a complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.:  **8:22-cv-01206-FLA (MAA)** | Date:  **July 13, 2022** |
| Title:   **Lawrence Gene Kirkley v. Arthur Cisneros et al.** | |

dismissed for failure to state a claim without leave to amend may count as a "strike" for purposes of the *in forma pauperis* statute, 28 U.S.C. § 1915(g).[1]  A Notice of Dismissal Form is attached.

**Plaintiff  is cautioned that failure to respond to this Order may result in a recommendation that the Complaint be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).  See C.D. Cal. L.R. 41-1.**

It is so ordered.

Attachment
Notice of Dismissal Form

---

[1] Inmates who have accumulated three of more "strikes" are not permitted to bring a civil lawsuit or appeal a judgment in a civil action *in forma pauperis*—that is, without prepayment of the filing fee—unless the inmate is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).  Instead, inmates with three or more "strikes" generally must pay their full filing fee upfront in order to file a civil lawsuit or appeal a civil judgment.